# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. RAYMOND D. SIMPSON

**Circuit Court for Dickson County**
**No. CR-6451A**

---

**No. M2003-02951-CCA-R3-CD - Filed January 7, 2005**

---

JOHN EVERETT WILLIAMS, J., separate concurring opinion.

I write separately to call attention to what I believe is disparate treatment of two cases which, on all pertinent points, seem to be identical. The case presently before this Court involves an inattentive or negligent driver having a single-vehicle accident while transporting two of his children and his new wife in a vehicle with no seat belts or child restraint devices. In a tragic, yet foreseeable, turn of events, eleven-month-old Jonathan was fatally injured when the truck rolled over on its side and his head struck a pillar on the passenger side of the truck. Despite the efforts of his father, the defendant in this case, young Jonathan died from cardiac arrest resulting from his head trauma.

The defendant was subsequently indicted on eight counts, including: aggravated child abuse and neglect (a Class B felony); criminally negligent homicide (a Class E felony); reckless homicide (a Class D felony); reckless endangerment (a Class A misdemeanor); vehicular homicide (a Class C felony); aggravated assault (a Class C felony); violation of the child passenger restraint law (a Class C misdemeanor); and violation of the safety belt law (a Class C misdemeanor).[1] Following the indictment, the defendant pled guilty to criminally negligent homicide, and received the maximum sentence of two years in split confinement, which included the maximum amount of incarceration allowed by law, seven months.

Although I initially believed that failure to have a child properly restrained in a vehicle while traveling could support a conviction for criminally negligent homicide, I was in error. In State v. Latrece Jones, No. E2002-00893-SC-R11-CD, 2004 Tenn. LEXIS 992 (Tenn. 2004), a mother was convicted of criminally negligent homicide when her child, who was unrestrained, was killed when an airbag deployed in a minor accident, breaking the child's neck. Id. at *8. In that case, our supreme court held that failing to have a child properly restrained in a vehicle, while constituting a substantial and unjustifiable risk, did not amount to a gross deviation from the standard of care. Id. at *16-17. As part of its reasoning the supreme court opined:

---

[1] As of the time of this defendant's indictment and guilty plea, the Tennessee Supreme Court had not yet decided State v. Latrece Jones, which is used extensively for comparison purposes in this opinion.

Third, the very fact that there was a need for a large-scale public information campaign aimed at educating parents about child car safety indicates, sadly, how many people in the community simply were not using child safety restrained at the time of the accident. . . If 40% of the children being transported in Ms. Jones' community were being transported without being properly restrained at the time of the accident, it would be difficult for a rational trier of fact to conclude that it was a gross deviation from the standard of care at the time of the accident for Ms. Jones to transport her child improperly.

Id. at *17-18.

Accordingly, Ms. Jones's conviction for criminally negligent homicide did not stand. In this case, I revisit the same issue and am unable to find any material distinction between the two cases.

|  | **State v. Simpson** | **State v. Jones** |
| --- | --- | --- |
| **Defendant** | Father (Driver) | Mother (Passenger) |
| **Victim's Age** | 11 Months | 2 Years |
| **Placement in Vehicle** | Held in lap on front passenger seat | Held in lap on front passenger seat |
| **Type of Vehicle** | Pick-up Truck | Mid-size Passenger Vehicle |
| **Type of Safety Equipment in Vehicle** | None | Seatbelts and Airbags |
| **Type of Accident** | Single vehicle which left the roadway and rolled onto its side | Two-car accident; the result of a failure to yield |
| **Warning of Danger Received** | Defendant was aware of the law requiring child restraint; received order from juvenile judge; multiple requests from mother of child to comply | Defendant was advised at the hospital pursuant to statute; public service announcements; three specific warnings visible in the interior of the vehicle |
| **Cause of Victim's Death** | Child's head struck a pillar; child died of cardiac arrest resulting from head trauma | Child suffered a broken neck when passenger-side air bag deployed |

While there are minor factual differences, I am bothered by the striking disparity in the results of the two cases: the defendant in Jones was not guilty, while the defendant in the present case received the maximum sentence. I recognize that, unlike in Jones, the defendant in the present case pled guilty and that the sufficiency of the evidence is not contested. Moreover, although I agree that such behavior should not go unpunished, as evidenced by my opinion in Jones, I feel that these diametrically opposed results undermine judicial consistency and detract from the lawmaking function of the legislative branch.

As aforementioned, the supreme court in Jones noted that 40% of the children being transported in Ms. Jones community (Hamilton County) were being transported unrestrained;

therefore, the court reasoned, her conduct was not a gross deviation from the standard of care. In the instant case, the State offered similar statistics from Dickson County showing that approximately 52% and 49% of the children of like age as the victim were being transported unrestrained in 2000 and 2001, respectively. These statistics further showed that there had been no fatal injury to children under age twelve, restrained or unrestrained, in Dickson County from 1998-2001. The trial judge, in turn, used these statistics to bolster a deterrence theory and sentence the defendant to the maximum period of incarceration. I question how, on the one hand, a statistic can be used to show no criminal culpability and, on the other hand, justify maximum incarceration.

Undoubtedly, the death of a child is tragic. When a death could have easily been prevented, it seems to cry out all the more for justice and punishment for the individuals responsible for failing to protect those who cannot protect themselves. As such, I do believe that there is a need for strictly defined treatment for situations such as are presented by these cases. It is the distinct province of our legislature to define and enact criminal laws; therefore, until our lawmaking body addresses the circumstances that have emerged in these cases, I am of the opinion that we are bound to follow the precedent set in Jones.

The mother of the victim in this case submitted a very moving statement that describes the hurt and pain caused by the loss of her child. Her statement reflected the love shared for the victim, and impact their loss had on her and the victim's siblings. I am obligated to follow what I believe is the guidance of our supreme court. I chose to write separately to draw attention to this tragic case; perhaps the Legislature will choose to act. At present, failing to have a child properly restrained in a vehicle is punished as a Class C misdemeanor, the minimum offense of our criminal code.


_____
JOHN EVERETT WILLIAMS, JUDGE